# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CSPC WARDEN,<br><br>　　　　Defendant. | Case No. 1:19-cv-00219-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING REMANDING ACTION TO STATE COURT<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Joshua Davis Bland ("Plaintiff"), an inmate appearing pro se in this civil rights action, filed this action in the Kings County Superior Court on November 26, 2018. On February 14, 2019, Defendants removed this action to the Eastern District of California. In their notice of removal, Defendants request that the Court screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at the California State Prison, Corcoran ("Corcoran").

Plaintiff filed "affidavit by declaration of truth" on May 2, 2018 in the Lassen County Superior Court. (ECF No. 1 at 11.[1]) Plaintiff stated that he is not a party to the state's constitution,[2] could not be named as a person under any statute, is not bound by general words in

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Difficult for this plaintiff to be a party or in privity since he was born in 1999 (ECF No. 1 at 11) and did not exist when California held its state constitutional convention in Monterey in October 1849, which state constitution was then subsequently ratified by the electorate in November 1849. Also, had it been sooner in time, Plaintiff's

2

a statute without being expressly named, and that his rights to such existed long before incorporation of the state. Plaintiff stated that he is independent of the laws and cannot be bound by any institutions formed by his fellowman without his consent. (Id.) Any applications, agreements or contracts that he signed were signed under duress, threat and conversion and were void for fraud, constitutionally impermissible, and lack of subject matter, in personum and political jurisdiction. Plaintiff asserted copyrights to "JOSHUA D. BLAND; JOSHUA DAVIS BLAND; J. D. BLAND; J. DAVIS BLAND; BLAND, JOSHUA D.; P29302 and P-29302." (Id.) Plaintiff stated that using his "fictions" on any document without his written consent is strictly forbidden and would be chargeable in the amount of $1,000.00 per per user, per issuer, per fiction. (Id. at 12.) On May 16, 2018, Plaintiff filed an "affidavit by declaration of sovereignty" in the state court action. (Id. at 13-14.)

On June 22, 2018, Plaintiff sent a request for interview, item or service to the warden which he titled "cease and desist notice." (Id. at 16.) Plaintiff stated that they were to "cease and desist in infringements upon my copyrighted works" and if they did not stop they would be financially liable. (Id.)

On July 4, 2018, Plaintiff sent a request for interview, item or service which he titled "cease and desist order." (Id. at 17.) Again, Plaintiff stated that they were to cease and desist in infringing upon his copyrighted works and that if they continued Scott Kernan, as their supervisor, would be financially liable. (Id.)

On July 19, 2018, Plaintiff filed an inmate request which stated, "notice of rescind and revoke." (Id. at 18.) Plaintiff's notice stated that he was revoking his signature on any documents that he had signed. (Id.) On July 24, 2018, Plaintiff filed an inmate request stating that CDCR had not received his consent to use his name and that his name could not be used in any way. (Id.)

In August 2018, Plaintiff sent an inmate request stating this was the final notice to cease and desist in infringing upon his copyrighted materials and that the warden would be liable for

---

objection is not a recognized basis for establishing constitutional governance nor is it a means by which the plaintiff can opt out or assert that he cannot be "governed."

$1,000.00 for every infringement of his copyright. (Id. at 20-21.) The litigation coordinator responded asking if there was a court order or if his document was just something that he had filed with the court. (Id. at 21.)

Plaintiff contends that to this day, Defendant has allowed officers, staff, and other employees to violate his copyright by writing his name or prisoner number on documents. Plaintiff also contends that Defendant's failure to respond in the case has created a judgment that must be paid.

Plaintiff brings this action against the warden of the Corcoran alleging breach of contract and copyright infringement/fraud/theft. He is seeking $2,000,000.00 in damages.

## III.

## DISCUSSION

Plaintiff filed this matter in state court and Defendants removed the action alleging that federal jurisdiction exists. "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque, 582 F.3d at 1087; Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). 'The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005); see also Gaus, 980 F.2d at 566 (if there is any doubt as to the right to removal in this first instance federal jurisdiction must be rejected).

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "Absent diversity of citizenship, only cases within the district court's original 'federal question' jurisdiction may be removed from state to federal court." Ethridge, 861 F.2d at 1393. If the Court finds that subject matter jurisdiction is lacking it is required to

remand the matter to the state court. Id.

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

**A.  Copyright Act**

Here, Plaintiff filed his complaint in state court alleging a common law copyright and a breach of contract claim. Without any analysis or providing any legal authority, Defendants contend that Plaintiff is bringing a federal copyright claim.

Congress has provided that the district court has exclusive jurisdiction of any civil action arising under any Act of Congress relating to copyright. 28 U.S.C. § 1338(a). The Court considers whether the copyright claim in this action "arises under federal law."

> The Copyright Clause of the U.S. Constitution provides that "Congress shall have the Power . . . To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries. . . ." U.S. Const. art. I, § 8, cl. 8. Pursuant to this authority, Congress enacted the Copyright Act, 17 U.S.C. § 101–1332, to define and protect the rights of copyright holders. Under the Act, "the owner of copyright . . . has the exclusive rights to do and to authorize" others to display, perform, reproduce or distribute copies of the work, and to prepare derivative works. Id. § 106. The copyright is the right to control the work, including the decision to make the work available to or withhold it from the public.

Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006).

Defendants allege that Plaintiff's claim is a federal copyright claim. However, Plaintiff

5

has not cited any federal statute and brings his action under common law. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 9-10 (1983)). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003). Jurisdiction cannot be sustained on a theory that the plaintiff has not advanced and the party who brings the complaint gets to decide what law he will rely on. Merrel Dow Pharm. Inc., 478 U.S. at 809 n.6. Generally, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat. Bank, 539 U.S. at 6. However, Congress has specifically created exceptions where federal law preempts the field. Id. at 6-8. "Preemption defenses do not give rise to federal question jurisdiction under 28 U.S.C. § 1331, and thus do not provide removal jurisdiction under 28 U.S.C. § 1441." No Doubt v. Activision Publ'g, Inc., 702 F.Supp.2d 1139, 1142 (C.D. Cal. 2010) (citing Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908)). "Thus, a state claim may be removed to federal court in only two circumstances—when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Id. at 8.

There is no constitutional protection of copyright, so in order for Plaintiff's claim to arise under federal law, the common law claim would have to be preempted by the Copyright Act. The Court thus considers whether the Copyright Act preempts any common law copyright claim that Plaintiff seeks to raise in this action. Section 301(a) and (b) of the Copyright Act describe when legal and equitable rights granted by state and common law are preempted by the federal law. Laws, 448 F.3d at 1137. Section 301(a) provides that

> On or after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the

6

common law or statutes of any State."

17 U.S.C. § 301(a). Section (b) states

> Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to--
> (1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or
> (2) any cause of action arising from undertakings commenced before January 1, 1978;
> (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106; or
> (4) State and local landmarks, historic preservation, zoning, or building codes, relating to architectural works protected under section 102(a)(8).

17 U.S.C. § 301(b).

Therefore, the Copyright Act governs works of authorship such as "(1) literary works; (2) musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works." 17 U.S.C. § 102(a). The Copyright Act also governs compilations and derivative works to the extent that the copyrighted material of the author is not unlawfully used. 17 U.S.C. § 103(a).

The Ninth Circuit has "adopted a two-part test to determine whether a state law claim is preempted by the Act." Laws, 448 F.3d at 1137. The Court determines "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." Id.; Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001). If it does, the Court then "must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." Laws, 448 F.3d at 1137–38; Downing, 265 F.3d at 1003.

In Downing, the Ninth Circuit considered a case in which the district court had held that state common law and statutory claims were preempted by the Copyright Act. 265 F.3d at 999. A retailer had published a picture in their quarterly magazine and created and advertised for sale t-shirts that were identical to those worn in the picture without the permission of the individuals

7

depicted in the photograph. Id. at 1000. As relevant here, the plaintiffs brought suit alleging that the retailer had misappropriated their names and likenesses in violation of California's statutory and common law protections. Id. The district court granted summary judgment for the retailer. Id. One of the claims on appeal was whether the common law claims were preempted by the Copyright Act. Id. In addressing the claim, the Ninth Circuit found that the photograph itself was the subject matter protected under the Copyright Act as a pictorial work of authorship. Id. at 1003.

> [T]he "work" that is the subject matter of the right of publicity is the persona, i.e., the name and likeness of a celebrity or other individual. A persona can hardly be said to constitute a "writing" of an "author" within the meaning of the copyright clause of the Constitution. A fortiori it is not a "work of authorship" under the Act. Such name or likeness does not become a work of authorship simply because it is embodied in a copyrightable work such as a photograph.

Downing, 265 F.3d at 1003–04 (quoting 1 Nimmer on Copyright § 1.01[B][1][c] at 1–23 (1999)). The Ninth Circuit held that "[a] person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102." Downing, 265 F.3d at 1004. Therefore, claims that involve the common law right in an individual's name or likeness are not copyrightable under the Copyright Act and they are not equivalent to the exclusive rights contained in section 106. Id. at 1005; see also Brown v. Ames, 201 F.3d 654, 658 (5th Cir. 2000) ("A persona [name and likeness] does not fall within the subject matter of copyright—it does not consist of 'a 'writing' of an 'author' within the meaning of the Copyright Clause of the Constitution.' "); No Doubt, 702 F.Supp.2d at 1145 (name, likeness, or persona are not entitled to copyright protection).

Here, Plaintiff has not alleged that Defendants have infringed upon any of his original works of authorship but is alleging a common law copyright violation due to the use of his name which is not copyrightable under the Copyright Act. Downing, 265 F.3d at 1005. Because Plaintiff has not alleged that any of his original works of authorship are at issue in this action, the subject matter of Plaintiff's complaint does not fall within the subject matter of the Copyright Act. Accordingly, the Copyright Act does not preempt any common law claims that Plaintiff has raised in this action. 17 U.S.C. § 301(b)(1).

//

**B.     Trademark Act**

Plaintiff is alleging that his name is the material protected by common law copyright. Liberally construing the pro se complaint, as the Court is required to do, <u>Wilhelm</u>, 680 F.3d at 1121, Plaintiff is alleging that he has used the name (or "mark") Joshua D. Brand, and variations of such, and that Defendants are infringing upon the use of his name (or "mark"). The Court therefore considers whether Plaintiff is attempting to state a trademark, not a copyright claim, and whether federal jurisdiction exists for an infringement of trademark claim.

The Lanham Act provides that the federal court has original jurisdiction over all claims arising under the Act without regard to the amount in controversy or lack of diversity in citizenship. 15 U.S.C. § 1121(a). The intent of the Lanham Act is to provide protection to registered trademarks used in commerce. 15 U.S.C. § 1127. "The Lanham Act created a federal protection against two types of unfair competition, infringement of registered trademarks, 15 U.S.C. s 1114, and the related tort of false designation of the origin of goods, 15 U.S.C. s 1125(a)." <u>Int'l Order of Job's Daughters v. Lindeburg & Co.</u>, 633 F.2d 912, 915 (9th Cir. 1980). Trademark protections provided by state law do not track the protections provided by the Lanham Act. <u>Int'l Order of Job's Daughters</u>, 633 F.2d at 916.

Section 1121 does not provide the federal court with jurisdiction over common law infringement of trademark claims. <u>Entex Indus., Inc. v. Warner Commc'ns</u>, 487 F.Supp. 46, 48 (C.D. Cal. 1980); <u>see</u> <u>Armstrong Paint & Varnish Works v. Nu-Enamel Corp.</u>, 305 U.S. 315, 325 (1938) (If a trademark is properly registered "a ground to support the cause of action is violation of the Trade-Mark Act. If it is not a properly registered trade-mark, the ground is unfair competition at common law.") There is no federal common law of trademark infringement and common law claims are governed by state law. <u>Toho Co. v. Sears, Roebuck & Co.</u>, 645 F.2d 788, 791 (9th Cir. 1981); <u>Rio v. Oberfeld</u>, No. 2:13-CV-3870-SVW-AJWx, 2013 WL 12129942, at *4 (C.D. Cal. July 18, 2013).

To the extent that Plaintiff's allegations could be construed to allege that Defendants are infringing on his common law trademark, this would not raise a federal question to confer subject matter jurisdiction in this matter.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's allegations of common law copyright violations due to Defendants use of his name or prison number would not be preempted by the Copyright Act. In the federal courts there is a "strong presumption against removal", which counsels courts to remand cases in which there is a doubt that removal was proper in the first instance. Gaus, 980 F.2d at 566-67. The Court finds that Defendants have failed to meet their burden to establish that subject matter jurisdiction exists in this matter and this matter must be remanded back to the Kings County Superior Court. Ethridge, 861 F.2d at 1393.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be remanded back to the Kings County Superior Court based on lack of subject matter jurisdiction.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 1, 2019**

UNITED STATES MAGISTRATE JUDGE